**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| ERNO K.[1] | : | Case No. 3:25–cv–298 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| COMMISSIONER OF THE SOCIAL | : | |
| SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

---

**REPORT AND RECOMMENDATION[2]**

---

Plaintiff Erno K. brings this case challenging the Social Security Administration's denial

of his applications for a period of disability and Disability Insurance Benefits, and Supplemental

Security Income.  The case is before the Court upon Plaintiff's Statement of Errors (Doc. #8), the

Commissioner's Memorandum in Opposition (Doc. #9), and the administrative record (Doc. #7).

**I.     Background**

The Social Security Administration provides Disability Insurance Benefits and

Supplemental Security Income to individuals who are under a "disability," among other eligibility

requirements.  *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1),

1382(a).  The term "disability" encompasses "any medically determinable physical or mental

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22–01.
[2] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469–70.

Plaintiff applied for benefits in December 2022, alleging disability commencing January 15, 2017, due to several impairments, including Asperger's syndrome, severe anxiety, bipolar, depression, agoraphobia, stomach problems, high blood pressure, high triglycerides, and anger issues. (Doc. #7, *PageID* #s 286–99, 337). After Plaintiff's applications were denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Heidi Southern.

Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.[3] She reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful activity since January 15, 2017, the alleged onset date.

Step 2: He has the following severe impairments: bipolar II disorder, agoraphobia with a panic disorder, an anxiety disorder, a depressive disorder, attention deficit hyperactivity disorder (ADHD), Asperger's syndrome, and a cannabis use disorder.

Step 3: Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: His residual functional capacity, or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consist of performing "a full range of work at all exertional levels but with the following nonexertional limitations. [Plaintiff] is unable to perform at a production–rate pace, such as assembly line work, but is able to perform goal–oriented work such as an office cleaner. He is limited to

---

[3] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

occasional superficial contact with coworkers and supervisors with "superficial contact" defined as retaining the ability to receive simple instructions, ask simple questions, and receive performance appraisals but as lacking the ability to engage in more complex social interactions such as persuading other people or rendering advice. He is limited to no work involving teamwork, tandem tasks, conflict resolution, persuasion of others, over–the–shoulder supervision, or contact with the general public as part of job duties. He is limited to occasional changes in an otherwise static work routine with those changes explained in advance to allow time for adjustments to new expectations."

Step 4:    He is unable to perform any past relevant work.

Step 5:    Considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform.

(Doc. #7, *PageID* #s 49–67).  Based on these findings, the ALJ concluded that Plaintiff has not been under a benefits–qualifying disability from January 15, 2017, through the date of her decision. *Id.* at 67.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #7, *PageID* #s 43–72), Plaintiff's Statement of Errors (Doc. #8), and the Commissioner's Memorandum in Opposition (Doc. #9).  To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II.    Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745–46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a

conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546–47 (6th Cir. 2004)).

### III.    Discussion

Plaintiff argues that, while the ALJ—after including a limitation to superficial interaction with coworkers and supervisors—was well within her right to define the term "superficial interaction," the ALJ's definition was inaccurate and "failed to adequately represent the extent of [Plaintiff's] social agoraphobia." (Doc. #8, *PageID* #684). The Commissioner maintains that the ALJ considered the relevant mental health findings and imposed several limitations in the RFC that adequately accounted for a limitation to superficial interactions with others. (Doc. #9, *PageID* #688). Moreover, the Commissioner avers that the ALJ permissibly translated the state agency psychologists' finding of superficial limitations in interaction into vocationally relevant restrictions that properly accounted for the record. *Id.* at 691–97.

An individual's RFC "is the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1). While medical source opinions are considered, the final responsibility for deciding the RFC is reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(d); *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) ("The Social Security Act instructs that the ALJ—not a physician—ultimately determines a claimant's RFC."). As such, the ALJ bears the responsibility for assessing an individual's RFC based on all the relevant evidence, 20 C.F.R. § 404.1546(c), and must consider all of an individual's medically determinable impairments, both individually and in combination. *See* Soc. Sec. R. 96–8p, 1996 WL 374184, *7 (Soc. Sec. Admin. July 2, 1996).

In rendering the RFC determination, the ALJ need not discuss every piece of evidence considered. *See Conner v. Comm'r*, 658 F. App'x 248, 254 (6th Cir. 2016) (citing *Thacker v. Comm'r*, 99 F. App'x 661, 665 (6th Cir. May 21, 2004). However, the ALJ still has an obligation to consider all of the evidence before her and to meaningfully explain how the evidence supports each conclusion and limitation included in the RFC. *See Ryan v. Comm'r of Soc. Sec.*, 307 F. Supp. 3d 797, 803 (S.D. Ohio 2017) (Newman, M.J.), *report and recommendation adopted*, No. 3:16–CV–124, 2017 WL 3412107 (S.D. Ohio Aug. 8, 2017) (Rice, D.J.); Soc. Sec. R. 96–8p, 1996 WL 374184, *7 ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts … and nonmedical evidence…"). Further, the ALJ may not simply ignore evidence that does not support her decision. *See e.g., Germany–Johnson v. Comm'r of Soc. Sec.*, 313 F. App'x 771, 777 (6th Cir. 2008) (finding error where the ALJ was "selective in parsing the various medical reports"); *Ackles v. Colvin*, No.

5

3:14CV00249, 2015 WL 1757474, at *6 (S.D. Ohio Apr. 17, 2015) (Ovington, M.J.), *report and*

*recommendation adopted*, No. 3:14CV00249, 2015 WL 2142396 (S.D. Ohio May 6, 2015) (Rice,

D.J.) ("The ALJ did not mention this objective evidence and erred by selectively including only

the portions of the medical evidence that placed Plaintiff in a capable light.").

Here, in formulating Plaintiff's mental RFC, the ALJ considered the medical opinions of

the state agency consulting psychologists, Vicki Warren, Ph.D., and Courtney Zeune, Psy.D.

(Doc. #7, *PageID* #62-63) (citing to Doc. #7, *PageID* #s 98–104, 118–25).  Dr. Warren, who

reviewed Plaintiff's claim at the initial level, opined that Plaintiff's depression and anxiety

disorders caused him to have moderate limitations in his ability to interact with others. *Id.* at 101–

02. Dr. Warren found that Plaintiff was able to interact with co–workers and supervisors on a

"superficial" basis but should not be expected to interact with the public due to mood issues. *Id.* at

104.  On reconsideration, Dr. Zeune adopted the same social functional limitations. *Id.* at 124.

The ALJ found that the state agency consulting psychologists' opinions were "somewhat

persuasive," further finding that Plaintiff "demonstrates adequate mental functioning on

examination despite [his] subjective complaints." *Id.* at 63 (citing Doc. #7, *PageID* #s 402-674).

The ALJ further explained that

> [Plaintiff's] limited treatment notes generally reflect a good response to treatment.
> With the exception of some mood and affect abnormalities, treatment notes from
> his current psychiatrist consistently reflect adequate mental functioning.
> Associations were intact. He had good eye contact, and he was cooperative and
> engaged. His memory was good and intact. Fund of knowledge of current events
> and past history were intact. His attention span was intact. Judgment was not
> impaired. Such findings are consistent with the limitations opined. Despite his
> subjective reports, findings on his psychological consultative examinations further
> support an ability to perform work activity within the limitations. However, when
> giving [Plaintiff] the full benefit of the doubt with respect to his subjective

6

> complaints, additional impairments and related limitations are warranted. The opinion of the most recent psychological consultative examiner further supports some additional restrictions. Additionally, Drs. Warren and Zeune use some language that is vague and not vocationally defined, such as "superficial" interaction, which requires additional social restrictions to be defined. Nevertheless, his adequate functioning on examinations throughout the record does not support work preclusive limitations as indicated by this opinion.

*Id.* at 63 (internal citations omitted).

Plaintiff takes issue with how the ALJ characterized "superficial" interaction, arguing that, even when including several additional social interaction restrictions, "the ALJ's definition of 'superficial' still 'falls flat'" and does not adequately address the opined limitations. (Doc. #8, *PageID* #683). However, there is "no regulation from the Social Security Administration [that] requires an ALJ to analyze superficial interactions a specific way." *Andrea B. v. Comm'r of Soc. Sec.*, No. 3:22-CV-55, 2023 WL 128288, at *29 (S.D. Ohio Jan. 9, 2023) (Jolson, M.J.). In the instant case, the ALJ incorporated the opined limitations of Dr. Warren and Dr. Zeune and found that "additional impairments and related limitations are warranted," citing to the opinion of the most recent psychological consultative examiner as supporting additional restrictions. (Doc. #7, *PageID* #63). Accordingly, the ALJ limited Plaintiff to "occasional superficial contact with coworkers and supervisors," defining superficial contact as "retaining the ability to receive simple instructions, ask simple questions, and receive performance appraisals but as lacking the ability to engage in more complex social interactions such as persuading other people or rending advice." *Id.* at 65. In addition to limiting Plaintiff to occasional superficial contact, the ALJ also limited Plaintiff "to no work involving teamwork, tandem tasks, conflict resolution, persuasion of others, over-the-shoulder supervision, or contact with the general public as part of job duties." *Id.*

This Court, as well as the Northern District of Ohio, has routinely found that these limitations adequately address recommendations that a plaintiff limit working or interacting with others. *Damon J. v. Comm'r of Soc. Sec.*, No. 3:23-CV-36, 2024 WL 193658, at *8 (S.D. Ohio Jan. 18, 2024) (Bowman, M.J.), *report and recommendation adopted sub nom. Damon J. v. Comm'r of Soc. Sec. Admin.*, No. 3:23-CV-36, 2024 WL 1257257, at *8 (S.D. Ohio Mar. 25, 2024) (Newman, D.J.) ("Elimination of 'tandem' work obviously precludes 'work with others.'"); *Stamper v. Comm'r of Soc. Sec.*, No. 1:20-cv-467, 2021 WL 5577405, at *13-14 (S.D. Ohio Nov. 30, 2021) (Litkovitz, M.J.), *report and recommendation adopted sub nom. Stamper v. Kijakazi*, 2022 WL 1183234 (S.D. Ohio April 21, 2022) (Black, D.J.) (finding a limitation for "no tandem or shared tasks" accounted for plaintiff's limitation to superficial interaction with supervisors, coworkers, and the general public); *David W. v. Comm'r of Soc. Sec.*, No. 3:24-CV-255, 2025 WL 841074, at *8 (S.D. Ohio Mar. 18, 2025) (Jolson, M.J.) (finding no error where the ALJ limited plaintiff to "occasional and superficial contact with coworkers and supervisors" and no jobs involving tandem tasks.); *Andrew E. v. Comm'r of Soc. Sec.*, No. 2:24-cv-276, 2025 WL 724606, at *7 (S.D. Ohio Mar. 6, 2025) (Bowman, M.J.) (finding limitations to avoid tandem work and not interact with the public sufficiently accounted for a recommendation that the claimant "work away from others."); *Dickinson v. Comm'r of Soc. Sec.*, No. 2:19-CV-3670, 2020 WL 4333296, at *12 (S.D. Ohio July 27, 2020) (Preston Deavers, M.J.), *adopted by* 2020 WL 5016823 (S.D. Ohio Aug. 25, 2020) (Graham, D.J.) ("The Court agrees that the limitation to no tandem tasks is a qualitative limitation on social interaction. As such, this limitation adequately addressed the [medical opinions] that Plaintiff be limited to superficial interaction with others.") (internal citations

omitted); *Stoodt v. Comm'r of Soc. Sec.*, No. 3:20-CV-2370, 2022 WL 721455, at \*17 (N.D. Ohio Jan. 13, 2022) (Knapp, M.J.), *adopted by* 2022 WL 716105 (N.D. Ohio March 10, 2022) (Helmick, D.J.) ("Courts have found similar limitations to no 'team' or 'tandem' tasks to be qualitative limitations that appropriately effectuated a medical opinion limiting a plaintiff to 'superficial' interactions.") (internal citations omitted). Therefore, the ALJ properly explained her RFC limitations and adequately accounted for and vocationally defined Plaintiff's limited ability to interact with others in a work setting.

Plaintiff further avers that the ALJ "failed to adequately represent the extent of [Plaintiff's] social interaction limitations," specifically taking issue with what he perceives as a lack of consideration for panic attacks, mood swings, and agoraphobia. (Doc. #8, *PageID* #684). However, "[a]n ALJ's reasoning need not be contained in 'tidy packaging.'" *Bowen v. Comm'r of Soc. Sec.*, No. 3:25-CV-1142, 2026 WL 479071, at \*58 (N.D. Ohio Feb. 20, 2026) (quoting *Buckhanon ex rel. J.H. v. Astrue*, 368 F. App'x. 674, 678 (7th Cir. 2010)). The ALJ need only "include a narrative discussion, describing how the evidence supports the ALJ's conclusions, citing specific medical facts, and non-medical evidence." *Warren I. v. Comm'r of Soc. Sec.*, 2021 WL 860506, at \*8 (N.D.N.Y. Mar. 8, 2021) (quoting *Natashia R. v. Berryhill*, No. 3:17-CV-1266, 2019 WL 1260049, at \*11 (N.D.N.Y. Mar. 19, 2019) (citing SSR 96-8p, 1996 SSR LEXIS 5, 1996 WL 374184, at \*7)). The ALJ has done so in this case, expressly engaging with the evidence in the record related to each of the items at issue. (Doc. #7, *PageID* #53-65). The ALJ contemplated Plaintiff's reports of sweating, chest tightness and racing heartbeat, and tingling and sweating in the hands when Plaintiff went to the doctor or to the store with his mother (*id.* at 54); troubles with

9

employment, specifically at Kroger, related to panic attacks (*id.* at 57); daily panic attacks (*id.*); feeling anxious when going out in public (*id.* at 58); and more. However, the ALJ also noted that, in 2024 and with the help of treatment, Plaintiff reported that his anxiety was manageable, he "was trying to get out of the house more," and that his mood was "pretty stable." *Id.* at 61-62. As a result, the ALJ found that "findings on examination, along with consistent subjective reports of relatively good control of symptomology with medication, is not consistent with symptoms as intense, persistent, or limiting as alleged." *Id.* at 62. Therefore, ALJ Southern has met the minimum level of articulation necessary to avoid frustrating the court's ability to determine whether the ALJ has built an "accurate and logical bridge between the evidence and [her] conclusion," *Fleischer v. Astrue,* 774 F.Supp. 2d 875, 877 (N.D. Ohio 2011); *Bailey v. Commissioner of Social Security,* 173 F.3d 428, 1999 WL 96920, at *4 (6th Cir. 1999)), and in doing so has adequately contemplated and addressed the extent of Plaintiff's social interaction limitations.

### IT IS THEREFORE RECOMMENDED THAT:

1.  Plaintiff's Statement of Errors (Doc. #8) be **OVERRULLED;**

2.  The Commissioner's non–disability finding be **AFFIRMED**; and

3.  The case be terminated on the Court's docket.

June 23, 2026

*s/ Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

10

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendation within **FOURTEEN** days after being served with this Report and Recommendation.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir. 1981).